UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH KAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-02060-TWP-DML |
| ) | |
| WENDY KNIGHT, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DISMISSING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

This matter is before the Court on Plaintiff Kenneth Kay's ("Mr. Kay") Motion to Proceed *in Forma Pauperis*. (Dkt. 2). Kay, and inmate in the Indiana Department of Correction (IDOC) filed this 42 U.S.C. § 1983 action on July 19, 2021. The Court now screens his complaint and makes the following rulings.

**I.**  *In Forma Pauperis* **Status**

Mr. Kay's motion to proceed *in forma pauperis*, dkt. [2], is **granted** to the extent that he is assessed an initial partial filing fee of Forty-One Dollars and Eighty Cents ($41.80). *See* 28 U.S.C. § 1915(b)(1). He shall have **through August 26, 2021**, in which to pay this sum to the clerk of the district court.

Mr. Kay is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S. C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to the plaintiff and the plaintiff's custodian to facilitate payment of the remainder of the fee.

## II.     Screening Standard

Because Mr. Kay is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## III.    The Complaint

Mr. Kay names three defendants in his Complaint: Warden Wendy Knight, Grievance Specialist Robert Stafford, and Investigation and Intelligence Officer Mr. Poer. He alleges that the Defendants have violated his First Amendment rights by refusing to place his grandmother, Sandra Kay, on his call list.

Mr. Kay attached to his complaint eleven pages of grievance documents related to his claim. Dkt. 1-1. Documents that are attached as exhibits to a complaint are deemed to be part of the complaint for all purposes and may be properly considered by the Court at screening. *See Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (the court may consider "documents that are attached to the complaint, documents that are central to the complaint and referred to in it.").

The grievance documents show that prison officials have denied Mr. Kay's requests to add his grandmother's phone number to his phone list because her number appears on the phone lists of unrelated inmates in violation of prison policy. The phone number is also attributed to someone other than Mr. Kay's grandmother on other inmate's phone lists. Dkt. 1-1 at 4. Prison officials state that Mr. Kay's grandmother can request to be removed from the phone lists of the other inmates which would clear the way for her to be added to Mr. Kay's phone list. *Id*. at 10.

Prisons may regulate inmate speech so long as the regulations are reasonably related to legitimate penological interests, such as crime deterrence, rehabilitation, and institutional security." *Israel v. Cohn*, 6 F. App'x 348, 350 (7th Cir. 2001) (citing *Thornburgh v. Abbott,* 490 U.S. 401, 413 (1989)). To determine if a regulation is reasonable, court consider "whether a valid, rational connection exists between the regulation and a legitimate government interest behind the rule; whether there are alternative means of exercising the right in question; what impact accommodation of the asserted right would have on prison staff, other inmates, and the allocation of prison resources generally; and whether the regulation represents an exaggerated response to prison concerns." *Id*. (citing *Turner v. Safley,* 482 U.S. 78, 89 (1987)).

"Regulations limiting telephone use by inmates, including restrictions similar to the one here, have been sustained routinely as reasonable." *Id*. (collecting cases). The complaint does not suggest that Mr. Kay is unable to communicate with his grandmother either by mail or by visitation. Prison officials have informed Mr. Kay what steps his grandmother can take if she wishes to be added to his phone list.

Mr. Kay's allegations and attached exhibits fail to raise an inference of a constitutional violation. Therefore, Mr. Kay's complaint must be **dismissed** for failure to state a claim upon which relief can be granted. Mr. Kay shall have **through August 26, 2021,** in which to show cause

why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 7/28/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

KENNETH KAY
171303
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064